*Western District*

No. 121

# NORTHAMPTON STATE HOSPITAL

v.

# DOROTHY MOORE

Argued: Apr. 29, 1974 - Decided: May 6, 1974

Case tried to *Morse, J.* in the District Court
of Hampshire. No. 247A.

*Present:* Sloan, P.J., Gould, Dudley, JJ.

**Sloan, P.J.** In this case on March 12, 1973
the petitioner filed a petition under G.L. c. 123,
§§ 7 and 8, for the civil commitment of the
respondent to the Northampton State Hospital.
The justice of the District Court of Hampshire
appointed Attorney Paul R. Rogers to repre-
sent the interests of the respondent.

On September 13, 1973 a justice of the District Court of Hampshire held a hearing and decided that there would be no judicial commitment at that time.

On January 7, 1974 the petitioner filed a petition for the civil commitment of the respondent and on January 23, 1974 a justice of the District Court of Hampshire decided that there would be no judicial commitment and allowed the respondent's motion to dismiss the petition. The court also denied the respondent's request to have the court direct the petitioner to provide family care for the respondent under G.L. c. 123, § 4, and Department of Mental Health Regulations 5.3(1) and also denied the respondent's motion to allow the respondent $835.00 for attorney's fees and disbursements of $3.60.

**Issues**

1. Can a District Court justice after refusing to commit a person to a facility, order the Department of Mental Health to provide for family care of the individual involved?

2. Does a District Court justice have the discretion to disallow reasonable expenses incurred by a respondent where commitment to a facility has not been ordered?

On the first issue it appears from a reading of the statute, G.L. c. 123, § 1 through 55, that the Legislature contemplated that a person would come under the control of the Department of Mental Health in one of two ways.

The first way is an involuntary commitment by a justice of the District Court after hearing, at which the individual is represented by counsel. The second way in which a person may come under control of the Department of Mental Health is pursuant to a voluntary admission upon application made and in accordance with the regulations established by the Department of Mental Health.

Nowhere in the statute is found any provision stating that a justice of a District Court may, after deciding not to commit the person to the Department of Mental Health, issue an order directing the Department of Mental Health to furnish inpatient care, halfway house services, family care, after care and home treatment. If the statute so provided, the constitutionality of it might well be questioned on the ground that the judiciary would be usurping the powers of the executive branch of the government.

Article XXX of the Constitution of Massachusetts provides, ''In the government of this Commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of them: *the judicial shall never exercise the legislative and executive powers, or either of them:* to the end it may be a government of laws and not of men.

In our view it would be a usurpation of the executive powers of the government for a District Court justice to order the Department of Mental Health to provide inpatient care for a patient rather than family care, after care and home treatment, or to order the Department of Mental Health to provide any specific care or treatment. Such an order would have to be based on the detailed needs of the patient and an exact and professional knowledge of the various treatments and care that are available at different facilities. The Department of Mental Health, pursuant to G.L. c. 123, § 2, has, in fact, adopted and promulgated detailed and specific regulations regarding the reception, examination, treatment, restraint, transfer and discharge of mentally ill persons. These regulations set up certain standards which must be complied with in order to make certain treatments available to the patient. To say that a District Court justice has the power to make the determinations as to what specific treatment a non-committed patient shall receive is a gross violation of the constitutional provision for the separation of the judicial branch from the executive branch of the government.

A thorough and complete reading of Chapter 123 can lead to only one conclusion, namely, that it is the right, duty and obligation of the Department of Mental Health to determine the treatment of patients, and that such right,

duty and obligation does not and cannot belong to a Justice of the District Court.

This interpretation of Chapter 123 is supported by the fact that an individual or a parent or guardian of a person may apply for voluntary admission. This procedure is open to an individual whom the Court has refused to order an involuntary commitment.

As to the second issue, § 33 of Chapter 123 provides that "all necessary expenses attending the apprehension, examination, hearing, commitment or delivery of a mentally ill person, or an alleged alcoholic *shall be allowed and certified* by the judge *if said person is committed pursuant to this chapter* . . . Necessary expenses attending the apprehension, examination or hearing of any person sought to be committed pursuant to this chapter *but not so committed* shall be so presented, examined and audited if they have been allowed *in the discretion of the judge and certified by him.*"

It is to be noted that it is mandatory for the justice to allow such expenses where he has ordered a commitment of the person to the Department of Mental Health. However, in the case where no commitment is made, the allowance of such expenses is expressly stated within the discretion of the justice. The individual who is not committed is not absolutely barred from having his expenses paid, but under the express wording of the statute, such

expenses may be allowed within the discretion of the justice.

In our opinion, making it mandatory upon the justice to allow expenses in the case where a commitment is ordered and leaving the allowance of expenses to the justice in the case where no commitment is ordered does not amount to a denial of their rights either under the Constitution of the Commonwealth of Massachusetts or of the United States of America.

We are constrained to hold that the trial justice committed no error in his rulings on the respondent's motions.

PRO SE
    Petitioner
PAUL R. ROGERS
    for Respondent